**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| GENWORTH LIFE AND ANNUITY INSURANCE COMPANY (f/k/a FIRST COLONY LIFE INSURANCE COMPANY),  )<br>)<br>)<br>)<br>　　　　Plaintiff,　　　　　　　　　　　)<br>)<br>vs.　　　　　　　　　　　　　　　　　　)<br>)<br>DOROTHY CIURA and　　　　　　　　)<br>LISA VANDENBERGHE (n/k/a LISA ORTEGA),  )<br>)<br>　　　　Defendants.　　　　　　　　　　)| No. 07 C 6400 |

## MOTION TO VACATE THE COURT'S DECEMBER 11, 2007 MINUTE ENTRY AND REINSTATEMENT OF THE ACTION

　　Genworth Life and Annuity Insurance Company (f/k/a First Colony Life Insurance Company) ("GLAIC"), by its attorneys, William A. Chittenden, Stuart F. Primack and Chittenden, Murday & Novotny LLC, for its Motion to Vacate the Court's December 11, 2007 Minute Entry and Reinstatement of the Action, states as follows:

　　1.　　On November 13, 2007, GLAIC filed its Complaint for Interpleader (the "Complaint") pursuant to 28 U.S.C. §§ 1335, 1397 and 2361 (2007) with respect to the rights and obligations of the parties pursuant to a life insurance policy issued by GLAIC (Policy No. 2100851) (the "Policy") and to Steven Ciura on April 14, 1995.

　　2.　　GLAIC filed the Complaint as the claim to the Policy proceeds made by Dorothy Ciura is adverse to and conflicts with the potential claim of Lisa Vandenberghe (n/k/a Lisa Ortega) ("Vandenberghe"), the named beneficiary of the Policy.

　　3.　　By reason of these adverse and conflicting claims, GLAIC was exposed to multiple liability or litigation, or both.

4. GLAIC filed the Complaint and sought the following relief from this Court:

(A) to enjoin the claimants, Dorothy Ciura and Lisa Vandenberghe (n/k/a Lisa Ortega), or any person or entity claiming through them, or any of them, during the pendency of this case and thereafter permanently and perpetually, from commencing or prosecuting any proceeding or claim against GLAIC in any state or federal court or other forum with respect to the insurance proceeds payable under the Policy and on account of the death of Steven Ciura, the Insured, and that said injunction issue without bond or surety;

(B) an injunction to stay the Illinois state court case presently proceeding in the Circuit Court of the Eighteenth Judicial Circuit (DuPage County, Illinois), captioned "Dorothy Ciura v. First Colony Life Insurance Company and Lisa Vandenberghe" and bearing Case No. 2006CH000764;

(C) a judgment as to GLAIC that it has no further liability to the claimants, Dorothy Ciura and Lisa Vandenberghe (n/k/a Lisa Ortega), or to any person or entity claiming through them, or any of them, for insurance benefits payable under the Policy and on account of the death of Steven Ciura and excusing GLAIC from further attendance on this cause and ordering the adverse claimants, Dorothy Ciura and Lisa Vandenberghe (n/k/a Lisa Ortega), to litigate their claims and contentions to the Policy proceeds without further involving GLAIC;

(D) an award to GLAIC of its actual court costs incurred in connection with prosecuting this Complaint for Interpleader, such costs to be deducted from the amount deposited with the Court for its admitted liability; and,

(E) such further and other relief as this Court may deem appropriate.

5. In accordance with 28 U.S.C. § 2361, the "district court shall hear and determine the case, and may discharge the plaintiff from further liability, make the injunction permanent, and make all appropriate orders to enforce its judgment."

6. On November 20, 2007, this Court entered an Order, temporarily restraining and enjoining Dorothy Ciura from continuing the litigation titled "Dorothy Ciura v. First Colony Life Insurance Company and Lisa Vandenberghe" Case No. 2006 CH 000764, presently proceeding in the Circuit Court of the Eighteenth Judicial Circuit, DuPage County, Illinois, and temporarily enjoining and restraining Dorothy Ciura and Vandenberghe, or any person or entity claiming through them, or any of them, from commencing or prosecuting any proceeding against GLAIC

in any state or federal court or other forum with respect to the insurance proceeds payable under the Policy and on account of the death of Steven Ciura.

7. On November 20, 2007, this Court also granted GLAIC's motion for leave to deposit its admitted liability with the Clerk of this Court and GLAIC deposited its admitted liability in the amount of $50,000, plus accrued interest, with the Clerk of this Court.

8. On December 11, 2007, this Court, *sua sponte*, entered a Minute Entry, dismissing this action without prejudice to claimants seeking to make a claim and striking all pending dates and motions.

9. As of December 11, 2007, neither Dorothy Ciura nor Vandenberghe had filed their respective appearances in this matter.

10. Dorothy Ciura agreed to waive service of summons and the Complaint and, in accordance with Rule 4 of the Federal Rules of Civil Procedure, her responsive pleading is due on or before January 28, 2007.

11. Vandenberghe has not agreed to waive service of summons and the Complaint and GLAIC must formally serve the summons and Complaint upon her.

12. Because neither Defendant – Dorothy Ciura nor Vandenberghe – has appeared in this action, GLAIC has not been able to move for entry of a final decree of interpleader and obtain judgment in its favor that it has no further liability to the claimants, Dorothy Ciura and Lisa Vandenberghe (n/k/a Lisa Ortega), or to any person or entity claiming through them, or any of them, for insurance benefits payable under the Policy and on account of the death of Steven Ciura and excusing GLAIC from further attendance on this cause and ordering the adverse claimants, Dorothy Ciura and Lisa Vandenberghe (n/k/a Lisa Ortega), to litigate their claims and

3

contentions to the Policy proceeds without further involving GLAIC, as set forth in Paragraph 4(C) above and as sought in the Complaint.

13. Without entry of a final decree of interpleader and judgment in favor of GLAIC, GLAIC is still exposed to multiple liability from both Dorothy Ciura and Vandenberghe.

14. In order for GLAIC to be able to move for entry of a final decree of interpleader and obtain judgment in its favor, the December 11, 2007 Minute Entry must be vacated and this action must be reinstated so that GLAIC can formally serve Vandenberghe with summons and the Complaint.

15. After both Dorothy Ciura and Vandenberghe have answered or otherwise responded to the Complaint, or are found to be in default, GLAIC can and will move for entry of a final decree of interpleader.

WHEREFORE, GLAIC respectfully requests this Court grant this Motion, vacate the December 11, 2007 Minute Entry, reinstate this matter so that service of the summons and the Complaint can be made on Vandenberghe and so that GLAIC can file its motion for entry of final decree of interpleader and obtain judgment in its favor that it has no further liability to the claimants, Dorothy Ciura and Lisa Vandenberghe (n/k/a Lisa Ortega), or to any person or entity claiming through them, or any of them, for insurance benefits payable under the Policy and on account of the death of Steven Ciura and excusing GLAIC from further attendance on this cause and ordering the adverse claimants, Dorothy Ciura and Lisa Vandenberghe (n/k/a Lisa Ortega), to litigate their claims and contentions to the Policy proceeds without further involving GLAIC.

        Respectfully submitted,

        GENWORTH LIFE AND ANNUITY INSURANCE COMPANY (F/K/A FIRST COLONY LIFE INSURANCE COMPANY)

        By: /s/ Stuart F. Primack
              One of its Attorneys

William A. Chittenden, III
Stuart F. Primack
CHITTENDEN, MURDAY & NOVOTNY LLC
303 West Madison Street, Suite 1400
Chicago, Illinois 60606
312.281.3600 (telephone)
312.281.36768 (facsimile)

O:\GE740\41017 Ciura\Pleadings\Mtn to Vacate 12-11-07 Minute Entry and Reinstatement of Action.doc