UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GENWORTH LIFE AND ANNUITY INSURANCE COMPANY (f/k/a FIRST COLONY LIFE INSURANCE COMPANY),<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>DOROTHY CIURA and<br>LISA VANDENBERGHE (n/k/a Lisa Ortega),<br><br>　　　　Defendants. | No. 07 CV 06400<br>Honorable Samuel Der-Yeghiayan<br>Magistrate Judge Michael Mason |

### LISA VANDENBERGHE'S (n/k/a LISA ORTEGA) ANSWER TO GENWORTH LIFE'S COMPLAINT FOR INTERPLEADER and CROSS-CLAIM AGAINST CO-DEFENDANT, DOROTHY CIURA

Now Comes the Defendant, LISA VANDENBERGHE (n/k/a Lisa Ortega), by and through her attorneys, Mark W. Mathys and LAW OFFICE OF MATHYS & SCHNEID, and in response to Genworth Life and Annuity Insurance Company's Complaint for Interpleader, answers as follows:

### PARTIES

1.　GLAIC is a corporation incorporated under the laws of Delaware, having its principal place of business in Richmond, Virginia.

　　ANSWER:　This Defendant admits the allegation.

2.　Upon information and belief, Lisa Vandenberghe (n/k/a Lisa Ortega) ("Vandenberghe") is a resident and citizen of Decatur, Alabama.

　　ANSWER:　This Defendant admits the allegation.

3.　Upon information and belief, Dorothy Ciura is a resident and citizen of DuPage, County, Illinois.

　　ANSWER:　This Defendant admits the allegation.

### JURISDICTION AND VENUE

4.     GLAIC brings this Complaint for Interpleader pursuant to 28 U.S.C. § 1335, 1397, and 2361 (2007), with respect to the rights and obligations of the parties pursuant to a GLAIC life insurance policy (Policy No. 2100851) (the "Policy") issued to Steven Ciura on April 14, 1995.

ANSWER:    This Defendant admits the allegation.

5.     As more filly set forth below, the two adverse claimants in this action – Dorothy Ciura and Vandenberghe - are of diverse citizenship and the amount in controversy exceeds $500.00.

ANSWER:    This Defendant admits the allegation.

6.     Steven Ciura (the "Insured") was the Owner of the Policy. (A true and correct copy of the Policy is attached hereto and incorporated herein as Exhibit "A").

ANSWER:    This Defendant admits the allegation.

7.     The Insured died on July 23, 2003 while the Policy was in full force and effect and GLAIC became obligated to pay life insurance benefits in the amount of $50,000 under the Policy. On the date of the insured's death, Lisa Vandenberghe (n/k/a Lisa Ortega) ("Vandenberghe") was the sole named beneficiary of the Policy.

ANSWER:    This Defendant admits the allegations.

8.     After the Insured's death, Dorothy Ciura, the insured's mother, mailed an executed Proof of Loss of Claimant's Statement to GLAIC, wherein she made a claim to the proceeds of the Policy.

ANSWER:    This Defendant neither admits nor denies this allegation due to insufficient knowledge.

9.     Until recently, GLAIC had been unable to locate Vandenberghe.

ANSWER:    This Defendant neither admits nor denies this allegation due to insufficient knowledge.

10.    On May 5. 2006, Dorothy Ciura filed a Complaint in the Circuit Court of the Eighteenth Judicial Circuit in DuPage County, Illinois Cause No. 2006 CH 000764, in which she alleges, *inter alia*,

that she is entitled to the proceeds of the Policy. (A true and correct copy of the Complaint is attached hereto and incorporated herein as Exhibit "B").

      ANSWER:    This Defendant admits the allegation.

      11.    The claim to Policy proceeds made by Dorothy Ciura is adverse to and conflicts with the potential claim of Vandenberghe, the named beneficiary of the Policy, and by reason of those adverse and conflicting claims, GLAIC is unable to discharge its admitted liability for proceeds under the Policy without exposing itself to multiple litigation or liability or both.

      ANSWER:    This Defendant admits the allegation.

      12.    GLAIC is indifferent as to which of the two claimants - Dorothy Ciura or Vandenberghe - is entitled to the insurance proceeds and is interested only in paying and discharging its admitted liability once; however, it has been unable to do so by reason of the adverse and conflicting claims of the claimants and thus files this Complaint for Interpleader.

      ANSWER:    This Defendant neither admits nor denies this allegation due to insufficient knowledge.

      13.    Contemporaneous with the filing of this Complaint for Interpleader, GLAIC is bringing a motion to deposit with the Clerk of this Court the insurance proceeds of $50,000, plus accrued interest.

      ANSWER:    This Defendant admits the allegation.

**DEFENDANT LISA VANDENBERGHE'S (n/k/a LISA ORTEGA) CROSS-CLAIM AGAINST CO-DEFENDANT, DOROTHY CIURA**

      1.    Steven Ciura, the insured, was the Owner of a GLAIC life insurance policy (Policy No. 2100851) (the "Policy") issued to Steven Ciura on April 14, 1995. (A true and correct copy of the Policy is incorporated herein by reference, see Exhibit "A" to Plaintiff's Complaint for Interpleader).

      2.    Steven Ciura died on July 23, 2003 while the Policy was in full force and effect and GLAIC became obligated to pay life insurance benefits in the amount of $50,000, plus interest under the Policy.

3.  On the date of Steven Ciura's death, Lisa Vandenberghe (n/k/a Lisa Ortega) ("Vandenberghe") was the sole named beneficiary of the Policy.

4.  The Policy contained the following provision regarding any Change of Owner and Beneficiary:

> "The Owner may change the designation of Owner and Beneficiary during the Insured's lifetime. Any change is subject to the consent of an irrevocable beneficiary. Written notice of change must be filed at the home office in a form acceptable to the Company. The new designation will then take effect as of the date the Owner signed the notice."

5.  Prior to Steven Ciura's death, no such "written notice of change" of beneficiary was signed by Steven Ciura to replace or change Lisa Vandenberghe as the sole named beneficiary of the Policy.

6.  Prior to Steven Ciura's death, no such "written notice of change" of beneficiary signed by Steven Ciura was ever filed at GLAIC's home office, in any form, either replacing or changing Lisa Vandenberghe as the sole named beneficiary of the Policy.

7.  Lisa Vandenberghe (n/k/a Lisa Ortega) hereby makes claim for the insurance proceeds and interest legally due and payable to her pursuant to the Policy.

WHEREFORE, LISA VANDENBERGHE (n/k/a LISA ORTEGA), prays that this Honorable Court enter an order or orders granting the following relief:

A.  Granting judgment in favor of LISA VANDENBERGHE (n/k/a LISA ORTEGA) for the full amount of any and all insurance proceeds and interest due and owing under the Policy, as set forth above;

B.  That any and all insurance proceeds and interest due and owing under the Policy, held by the Clerk of the Court pursuant to GLAIC'S Complaint for Interpleader, or still in possession of GLAIC, be hereby ordered to be tendered to LISA VANDENBERGHE (n/k/a LISA ORTEGA) immediately;

  C. Granting judgment against Defendant, DOROTHY CIURA, pertaining to any and all claimed rights by her to any portion of the insurance proceeds and interest due and owing by GLAIC under the Policy as set forth above;

  D. Awarding LISA VANDENBERGHE (n/k/a LISA ORTEGA) her actual court costs incurred in prosecuting this Cross-Claim against Defendant, DOROTHY CIURA;

  E. Granting LISA VANDENBERGHE (n/k/a LISA ORTEGA) such further and other relief as this Court may deem appropriate.

        Respectfully submitted,

        Attorney for Lisa Vandenberghe
        (n/k/a Lisa Ortega)


        /s/ Mark W. Mathys
        Mark W. Mathys

Mark W. Mathys
LAW OFFICE OF MATHYS & SCHNEID
1730 Park Street, Suite 224
Naperville, IL 60563
(630)428-4040
(630)428-0044 Fax
ARDC No. 6217305