# Exhibit 3

MHW

F I L E D
4-2-2008
APR - 2 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GENWORTH LIFE AND ANNUITY INSURANCE CONPANY (f/k/a FIRST COLONY LIFE INSURANCE COMPANY), | ) ) ) ) |
| Plaintiff, | ) No. 07 C 6400 ) ) |
| vs. | ) Judge Der-Yeghiayan ) |
| DOROTHY CIURA and LISA VANDENBERGHE (n/k/a LISA ORTEGA) | ) Magistrate Judge Mason ) ) |
| Defendants. | ) |

## DOROTHY CIURA'S ANSWER
## TO GENWORTH LIFE AND ANNUITY INSURANCE COMPANY'S
## COMPLAINT FOR INTERPLEADER

NOW COMES the Defendant, Dorothy Ciura, by her attorney, Craig H. Greenwood, and in support of her answer to the complaint of Genworth Life and Annuity Insurance Company ((f/k/a First Colony Life Insurance Company) ("GLAIC"), respectfully states as follows:

### PARTIES

1.   GLAIC is a corporation under the laws of Delaware, having its principal place of business in Richmond, Virginia.

ANSWER:   Upon information and belief, the Defendant, Dorothy Ciura, admits the allegations of Paragraph 1 thereof.

2   Upon information and belief, Lisa Vandenberge (n/k/a Lisa Ortega) ("Vandenberghe") is a resident and citizen of Decatur, Alabama.

ANSWER:   Upon information and belief, the Defendant, Dorothy Ciura, admits the allegations of Paragraph 2 thereof.

3.   Upon information and belief, Dorothy Ciura is a resident and citizen of DuPage County, Illinois.

ANSWER:   The Defendant, Dorothy Ciura, admits the allegations of Paragraph 3 thereof.

## JURISDICTION AND VENUE

4.   GLAIC brings this Complaint for interpleader pursuant to 28 U.S.C. Sections 1335, 1397 and 2361 (2007), with respect to the rights and obligations of the parties pursuant to a GLAIC Life Insurance policy (Policy No. 2100851) (the "Policy") issued to Steven Ciura on April 14, 1995.

ANSWER:   Upon information and belief, the Defendant, Dorothy Ciura, admits the allegations of Paragraph 4 thereof.

5.   As more fully set forth below, the two adverse claimants in this action -- Dorothy Ciura and Vandenberghe -- are of diverse citizenship and the amount in controversy exceeds $500.00.

ANSWER:   Upon information and belief, the Defendant, Dorothy Ciura, admits the allegations of Paragraph 5 thereof.

## FACTS

6.   Steven Ciura (the "Insured") was the Owner of the Policy (A true and correct copy of the Policy is attached hereto and incorporated herein as Exhibit "A").

ANSWER:   The Defendant, Dorothy Ciura, admits the allegations of Paragraph 6 thereof.

7. The Insured died on July 23, 2003 while the Policy was in full force and effect and GLAIC became obligated to pay life insurance benefits in the amount of $50,000 under the Policy. On the date of the Insured's death, Lisa Vandenberghe (n/k/a Lisa Ortega) ("Vandenberghe") was the sole named beneficiary of the policy.

ANSWER: The Defendant, Dorothy Ciura, denies the allegations of Paragraph 7 thereof and affirmatively states that "fiancée Lisa Vandenberghe" was the original named beneficiary under the Policy and that at the time of the death of the Insured, Vandenberghe was no longer the fiancé of the Insured and was either married to or soon to be married to another man.

8. After the Insured's death, Dorothy Ciura, the Insured's mother, mailed as executed Proof of Loss of Claimant's Statement to GLAIC, wherein she made a claim to the proceeds of the Policy.

ANSWER: The Defendant, Dorothy Ciura, admits the allegations of Paragraph 8 thereof and affirmatively states that in the weeks prior to the death of the Insured, when she was caring for him (her son) on a daily basis as he was dying, the Insured stated that she was the beneficiary of the Policy and would receive the life insurance benefits.

9. Until recently, GLAIC had been unable to locate Vandenberghe.

ANSWER: Upon information and belief, the Defendant, Dorothy Ciura, admits the allegations of Paragraph 9 thereof.

10. On May 5, 2006 Dorothy Ciura filed a Complaint in the Circuit Court of the Eighteenth Judicial Circuit in DuPage County, Illinois, Cause No. 2006 CH 000764, in which she alleges, *inter alia,* that she is entitled to the proceeds of the Policy. (A true

3

and correct copy of the Complaint is attached hereto and incorporated herein as Exhibit "B").

ANSWER: The Defendant, Dorothy Ciura, admits the allegations of Paragraph 10 thereof and affirmatively states that GLAIC was served with summons and entered its appearance in said cause.

11. The claim to Policy proceeds made by Dorothy Ciura is adverse and conflicts with the potential claim of Vandenberghe, the named beneficiary of the Policy, and be reason of those adverse and conflicting claims, GLAIC is unable to discharge its admitted liability for proceeds under the policy without exposing itself to multiple litigation or liability or both.

ANSWER: The Defendant, Dorothy Ciura, admits the allegations of Paragraph 11 thereof

12. GLAIC is indifferent as to which of the two claimants – Dorothy Ciura or Vandenberghe – is entitled to the insurance proceeds and is interested only in paying and discharging its admitted liability once; however, it has been unable to do so by reason of the adverse and conflicting claims of the claimants and thus files this Complaint for interpleader.

ANSWER: Upon information and belief, the Defendant, Dorothy Ciura, admits the allegations of Paragraph 12 thereof.

13. Contemporaneous with filing of this Complaint for Interpleader, GLAIC is bringing a motion to deposit with the Clerk of this Court the insurance proceeds of $50,000, plus accrued interest.

ANSWER: Upon information and belief, the Defendant, Dorothy Ciura, admits the allegations of Paragraph 13 thereof.

WHEREFORE, the Defendant, Dorothy Ciura, by her attorney, Craig H. Greenwood, moves this Honorable Court to deny the relief requested in the complaint of Genworth Life and Annuity Insurance Company ((f/k/a First Colony Life Insurance Company) ("GLAIC"), dismiss said complaint, and grant to the Defendant, Dorothy Ciura, such other and further relief as may be just, as equity may require. And this Honorable Court may deem meet, all at the expense of the Plaintiff, Genworth Life and Annuity Insurance Company ((f/k/a First Colony Life Insurance Company) ("GLAIC").

Respectfully submitted,

Dorothy Ciura
Defendant

By: _____
Craig H. Greenwood
Her Attorney

Craig H. Greenwood
Attorney at Law
4456 Seeley Avenue
Downers Grove, IL 60515
Attorney for Defendant,
 Dorothy Ciura
(630) 523-3950
(630) 968-3180 fax
ARDC No. 1503817

5

## CERTIFICATE OF SERVICE

The undersigned, Craig H. Greenwood, hereby certifies that on April 2, 2008 he filed a true and accurate copy of **DOROTHY CIURA'S ANSWER TO GENWORTH LIFE AND ANNUITY INSURANCE COMPANY'S COMPLAINT FOR INTERPLEADER** with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division, and on said date caused a true and accurate copy of same to be personally served upon the following attorneys/parties:

Mark W. Mathys
Mathys & Schnied
Attorneys at Law
1730 Park Street, Suite 224
Naperville, IL 60563
(630) 428-4040
(630) 428-0044 fax

and

William A. Chittenden, III
Stuart F. Primack
Chittenden, Murday & Novotny, P.C.
Attorneys at Law
303 West Madison Street, Suite 1400
Chicago, IL 60606
(312) 281-3600
(312) 281-3678 fax

by having said attorneys/parties personally served at the above stated addresses

Craig H. Greenwood
Attorney at Law
4456 Seeley Avenue
Downers Grove, IL 60515
Attorney for Defendant,
 Dorothy Ciura
(630) 523-3950
(630) 968-3180 fax
ARDC No. 1503817

_____
Craig H. Greenwood
Attorney at Law

6