# Exhibit 4

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| GENWORTH LIFE AND ANNUITY INSURANCE CONPANY (f/k/a FIRST COLONY LIFE INSURANCE COMPANY). | ) ) ) | |
| | ) | No. 07 C 6400 |
| Plaintiff, | ) ) | |
| vs. | ) ) | Judge Der-Yeghiayan |
| DOROTHY CIURA and LISA VANDENBERGHE (n/k/a LISA ORTEGA) | ) ) ) | Magistrate Judge Mason |
| Defendants. | ) ) | |

**DOROTHY CIURA'S ANSWER
TO DEFENDANT LISA VANDENBERGH'S (n/k/a LISA ORTEGA)
CROSS-CLAIM AGAINST CO-DEFENDANT, DOROTHY CIURA**

---

NOW COMES the Defendant, Dorothy Ciura, by her attorney, Craig H. Greenwood, and in support of her answer to the cross-claim of the Defendant, Lisa Vandenbergh (n/k/a Lisa Ortega) against her, respectfully states as follows:

1.    Steven Ciura, the insured, was the Owner of a GLAIC life insurance policy (Policy No. 2100851) (the "Policy") issued to Steven Ciura on April 14, 1995 (A true and correct copy of the Policy is incorporated herein by reference, see Exhibit "A" to Plaintiff's Complaint for Interpleader.

ANSWER:    The Defendant, Dorothy Ciura, admits the allegations of Paragraph 1 thereof.

.

2.      Steven Ciura died on July 23, 2003 while the Policy was in full force and effect and GLAIC became obligated to pay life insurance benefits in the amount of $50,000, plus interest under the policy.

ANSWER:     The Defendant, Dorothy Ciura, admits the allegations of Paragraph 2 thereof.

3.      On the date of Steven Ciura's death, Lisa Vandenbergh (n/k/a Lisa Ortega) ("Vandenbergh") was the sole named beneficiary of the Policy.

ANSWER:     The Defendant, Dorothy Ciura, denies the allegations of Paragraph 3 thereof and affirmatively states that "fiancée Lisa Vandenberghe" was the originally named beneficiary under the Policy and that at the time of the death of the Insured, Vandenberghe was no longer the fiancé of the Insured and was either married to or soon to be married to another man.

4.      The Policy contained the following provision regarding any Change of Owner and Beneficiary:

> "The Owner may change the designation of Owner and Beneficiary during the Insured's lifetime.  Any change is subject to the consent of an irrevocable beneficiary.  Written notice of change must be filed at the home office in a form acceptable to the Company.  The new designation will then take effect as of the date the Owner signed the notice."

ANSWER:     The Defendant, Dorothy Ciura, neither admits nor denies the allegations of Paragraph 4 and demands strict proof thereof.

5.      Prior to Steven Ciura's death, no such "written notice of change" of beneficiary was signed by Steven Ciura to replace or change Lisa Vandenbergh as the sole beneficiary of the Policy.

ANSWER:    Upon information and belief the Defendant, Dorothy Ciura, denies the allegations of Paragraph 5 and affirmatively states that "fiancée Lisa Vandenberghe" was the originally named beneficiary under the Policy and that at the time of the death of the Insured, Vandenberghe was no longer the fiancé of the Insured and was either married to or soon to be married to another man.

6.    Prior to Steven Ciura's death, no such "written notice of change" of beneficiary signed by Steven Ciura was ever filed at GLAIC's home office, in any form, either replacing or changing Lisa Vandenbergh as the sole named beneficiary of the Policy.

ANSWER:    Upon information and belief the Defendant, Dorothy Ciura, denies the allegations of Paragraph 6.

7.    Lisa Vandenbergh (n/k/a Lisa Ortega) hereby makes claim for the insurance proceeds and interest legally due and payable to her pursuant of the Policy.

ANSWER:    The Defendant, Dorothy Ciura, admits that Lisa Vandenbergh (n/k/a Lisa Ortega) is making claim to the insurance proceeds and denies the remaining allegations of Paragraph 7 thereof, including any claim that the insurance proceeds are legally due and payable to Vandenbergh pursuant of the Policy.

WHEREFORE, the Defendant, Dorothy Ciura, by her attorney, Craig H. Greenwood, moves this Honorable Court to deny the relief requested in the cross-claim of the Defendant, Lisa Vandenbergh (n/k/a Lisa Ortega) against her, to award to the Defendant, Dorothy Ciura, the life insurance pay life insurance benefits in the amount of $50,000, plus interest under the Policy, and to grant to the Defendant, Dorothy Ciura, such other and further relief as may be just, as equity may require, and this Honorable

Court may deem meet, all at the expense of the Defendant, Lisa Vandenbergh (n/k/a Lisa Ortega).

Respectfully submitted,

Dorothy Ciura
Defendant

By: _____
Craig H. Greenwood
Her Attorney

## FIRST AFFIRMATIVE DEFENSE

NOW COMES the Defendant, Dorothy Ciura, by her attorney, Craig H. Greenwood, and in support of her first affirmative defense to the cross-claim of the Defendant, Lisa Vandenbergh (n/k/a Lisa Ortega), respectfully states as follows:

1.    Steven Ciura, the insured, was the Owner of a GLAIC life insurance policy (Policy No. 2100851) (the "Policy") issued to Steven Ciura on April 14, 1995  (A true and correct copy of the Policy is incorporated herein by reference, see Exhibit "A" to Plaintiff's Complaint for Interpleader.

2.    Steven Ciura died on July 23, 2003 while the Policy was in full force and effect and GLAIC became obligated to pay life insurance benefits in the amount of $50,000, plus interest under the Policy.

3.    "Fiancée Lisa Vandenbergh" was the originally named beneficiary of the Policy.

4.    At the time of the death of Steven Ciura, the Insured, "fiancée LisaVandenberghe" no longer existed; the fiancé of the Insured, Lisa Vandenbergh (n/k/a Lisa Ortega) was no longer his fiancée and was either married to or soon to be married to another man.

5.    If no other beneficiary can be established, the life insurance benefits in the amount of $50,000, plus interest under the Policy are payable to the heirs of the Insured, Steven Ciura.

6.    At the time of his death, Steven Ciura, the Insured, was not married and no children were either born to or adopted by him.

7.    The Insured's mother, the Defendant, Dorothy Ciura, who cared for the Insured on a daily basis prior to his death, was his heir and the insurance benefits of the Policy are due and payable to her

WHEREFORE, the Defendant, Dorothy Ciura, by her attorney, Craig H. Greenwood, moves this Honorable Court to deny the relief requested in the cross-claim of the Defendant, Lisa Vandenbergh (n/k/a Lisa Ortega) against her, to award to the Defendant, Dorothy Ciura, the life insurance pay life insurance benefits in the amount of $50,000, plus interest under the Policy, and to grant to the Defendant, Dorothy Ciura, such other and further relief as may be just, as equity may require, and this Honorable Court may deem meet, all at the expense of the Defendant, Lisa Vandenbergh (n/k/a Lisa Ortega).

Respectfully submitted,

Dorothy Ciura
Defendant

5

By: _____
Craig H. Greenwood
Her Attorney

## SECOND AFFIRMATIVE DEFENSE

NOW COMES the Defendant, Dorothy Ciura, by her attorney, Craig H. Greenwood, and in support of her second affirmative defense to the cross-claim of the Defendant, Lisa Vandenbergh (n/k/a Lisa Ortega), respectfully states as follows:

1.      Steven Ciura, the insured, was the Owner of a GLAIC life insurance policy (Policy No. 2100851) (the "Policy") issued to Steven Ciura on April 14, 1995 (A true and correct copy of the Policy is incorporated herein by reference, see Exhibit "A" to Plaintiff's Complaint for Interpleader.

3.      "Fiancée Lisa Vandenbergh" was the originally named beneficiary of the Policy.

4.      Subsequent to purchasing the Policy, Steven Ciura, the Insured, broke off his engagement to Vandenbergh, broke up completely with her, ceased living with her, and let the home they were purchasing fall into foreclosure.

5.      Vandenbergh moved out of state and for the years and months prior to his death, Steven Ciura, the Insured, had no contact with Vandenbergh.

6.      In the years prior to his death, Steven Ciura, the Insured, became even closer to his mother, the Defendant, Dorothy Ciura. He worked at and lived in the same apartment complex that she resided in. When Steven received a new job position and

went to work at a different though related apartment complex, he arranged to have his mother Dorothy move into the same complex.

7.    Steven Ciura, the Insured, financially assisted his mother, the Defendant, Dorothy Ciura by regularly giving her money from his paycheck. He would drive her to the grocery store and to other locations. Steven would take his mother Dorothy out to dinner. They would eat together often. He did all that a son do for his mother.

8.    In like manner, the Defendant, Dorothy Ciura, did all that she could do for her son. When Steven became gravely ill, Dorothy would care for him in his apartment. This was not an easy task. She used her wheelchair to get from her apartment to his. Leaving her wheelchair at the base of the stairs leading to Steven's apartment building, Dorothy used her walker and the railing on the outside stairs to walk up the thirty chairs to the apartment complex. Once inside Dorothy would walk up the stairs to Steven's third floor apartment. She would clean and cook meals. Since Steven had become incontinent, Dorothy would clean up after him. She did all of these things despite her physical limitations. She did all of these things out of her love and devotion to her son Steven.

9.    During his final illness Steven Ciura, the Insured, told his mother Dorothy that she would not need to worry about her finances for she was going to be well taken care of – that he had seen to that.

\10.    Steven told his mother Dorothy that she would find the Policy papers in his apartment – that the papers were in his apartment. Steven did not specify where.

11.    Steven Ciura, the Insured, was adamant that Vandenbergh would not receive any of the benefits of the Policy. Steven was particularly grieved by the thought that the Policy benefits would go to Vandenbergh rather than his mother Dorothy.

12.    When Steven Ciura, the Insured, died and was buried, his mother was at the funeral; Vandenbergh was not.

13.    Steven Ciura, the Insured, wanted his mother to receive the Policy benefits. His mother was and continues to be the desired beneficiary of Steven Ciura, the Insured, and consistent with the laws of the State of Illinois and the interests of justice and equity, the Defendant, Dorothy Ciura should be awarded the benefits form the Policy.

WHEREFORE, the Defendant, Dorothy Ciura, by her attorney, Craig H. Greenwood, moves this Honorable Court to deny the relief requested in the cross-claim of the Defendant, Lisa Vandenbergh (n/k/a Lisa Ortega) against her, to award to the Defendant, Dorothy Ciura, the life insurance pay life insurance benefits in the amount of $50,000, plus interest under the Policy, and to grant to the Defendant, Dorothy Ciura, such other and further relief as may be just, as equity may require, and this Honorable Court may deem meet, all at the expense of the Defendant, Lisa Vandenbergh (n/k/a Lisa Ortega).

Respectfully submitted,

Craig H. Greenwood
Attorney at Law
4456 Seeley Avenue
Downers Grove, IL 60515
Attorney for Defendant,
 Dorothy Ciura
(630) 523-3950
(630) 968-3180 fax
ARDC No. 1503817

Dorothy Ciura
Defendant

By: _____
    Craig H. Greenwood
    Her Attorney

8

## CERTIFICATE OF SERVICE

The undersigned, Craig H. Greenwood, hereby certifies that on April 2, 2008 he filed a true and accurate copies of **DOROTHY CIURA'S ANSWER TO DEFENDANT LISA VANDENBERGH'S (n/k/a LISA ORTEGA) CROSS-CLAIM AGAINST CO-DEFENDANT, DOROTHY CIURA, FIRST AFFIRMATIVE DEFENSE**, and **SECOND AFFIRMATIVE DEFENSE** with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division, and on said date caused a true and accurate copy of same to be personally served upon the following attorneys/parties:

> Mark W. Mathys
> Mathys & Schnied
> Attorneys at Law
> 1730 Park Street, Suite 224
> Naperville, IL 60563
> (630) 428-4040
> (630) 428-0044 fax

> and

> William A. Chittenden, III
> Stuart F. Primack
> Chittenden, Murday & Novotny, P.C.
> Attorneys at Law
> 303 West Madison Street, Suite 1400
> Chicago, IL 60606
> (312) 281-3600
> (312) 281-3678 fax

by having said attorneys/parties personally served at the above stated addresses

Craig H. Greenwood
Attorney at Law
4456 Seeley Avenue
Downers Grove, IL 60515
Attorney for Defendant,
 Dorothy Ciura
(630) 523-3950
(630) 968-3180 fax
ARDC No. 1503817

Craig H. Greenwood
Attorney at Law